IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RANDY W. WILLIAMS, § | |
| CHAPTER 11 TRUSTEE, § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. H-11-2545 |
| § | |
| HOUSTON PLANTS & GARDEN § | |
| WORLD, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

In this Chapter 7 bankruptcy proceeding, Randy Williams, the trustee of the estate of debtor Green Valley Growers, Inc. ("GVG"), asserts claims for breach of fiduciary duty against defendants O. Wayne Massey, Jonell Massey, and Travis Massey (the "Masseys").[1] The Masseys have moved for summary judgment on these claims. (Docket Entry No. 84). After careful consideration of the record, the motions and responses, and the applicable law, the Masseys' motion for summary judgment is denied. The reasons are explained in detail below.

**1.     Factual Background**[2]

O. Wayne Massey and his wife, Jonell Massey, own codefendant Houston Plants and Garden World ("HPGW"). Travis Massey is their adult son. Before the bankruptcy, O. Wayne Massey owned GVG. Williams alleged that during the 48 months before the bankruptcy petition was filed, GVG transferred tens of millions of dollars to the Masseys or to entities they controlled, without

---

[1] Williams asserts other claims against the Masseys that are not relevant here.

[2] The facts are taken from the Second Amended Complaint, (Docket Entry No. 17), unless otherwise noted.

receiving value in return. Williams also alleged that the Masseys caused GVG to transfer millions of dollars to the codefendant banks despite the fact that GVG owed them no debt. Williams alleged that these actions breached the fiduciary duties the Masseys owed GVG and that the Masseys conspired to breach these duties. The Masseys moved for summary judgment on these claims. They attached no evidence to their motion, but instead incorporated by reference evidence presented in some of the codefendants' summary-judgment motions. (Docket Entry No. 84 ¶ 3). Williams responded with a brief and attached over 200 pages of evidence. (Docket Entry No. 121).

## II. The Legal Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." FED. R. CIV. PROC. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . ." FED. R. CIV. PROC. 56(c)(1)(A). "[T]he plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex*, 477 U.S. at 323). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine dispute of

material fact, it does not need to negate the elements of the nonmovant's case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Duffie*, 600 F.3d at 371 (internal quotation marks omitted).

"When the moving party has met its Rule 56[] burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Id.* The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Id*. (internal quotation marks omitted). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party." *Duffie*, 600 F.3d at 371.

### III.   Analysis

Although the Masseys incorporated by reference evidence other defendants submitted in reportedly moving for summary judgment, the Masseys did not provide specific cites to, or reference with particularity, where in the record the evidence supporting their motion would be found. (*See* Docket Entry No. 84 ¶¶ 3–7). Rule 56(c)(1)(A) and (B) require them to cite "to particular parts of materials in the record" supporting the assertions that facts cannot be genuinely disputed or make

a "showing . . . that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A), (B).  The Masseys did not comply with either requirement.

The Masseys did not cite where in the record supporting evidence could be found.  Nor did the Masseys show that the Trustee has no evidence.  The Masseys did not meet this burden by stating, "[f]urther, as shown by the summary judgment evidence presented, Wayne Massey did not act with any actual intent to harm Green Valley Growers, Inc. or its creditors and did not intentionally breach his fiduciary duty to the Debtor or its creditors," (Docket Entry No. 84 ¶ 5), or that "[t]he Trustee has no evidence that Wayne Massey or the Debtor acted with the actual intent to hinder, delay or defraud creditors," (*id.* ¶ 6).  The Masseys fail to meet their summary-judgment burden.  *See Liquid Air Corp.*, 37 F.3d at 1075 (noting that "the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact") (internal quotations omitted).

**IV.    Conclusion and Order**

The Masseys' summary-judgment motion, (Docket Entry No. 84), is denied.  A status conference is set for **April 16, 2014**, at 3:00 p.m., in Courtroom 11-B, United States Courthouse, 515 Rusk, Houston, Texas.

SIGNED on March 18, 2014, at Houston, Texas.

                                                  Lee H. Rosenthal
                                                  United States District Judge