**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RANDY W. WILLIAMS, | § | |
| CHAPTER 11 TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. H-11-2545 |
| | § | |
| HOUSTON PLANTS & GARDEN | § | |
| WORLD, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is an adversary proceeding in a Chapter 7 bankruptcy.  Randy Williams, the trustee,

seeks to avoid certain transfers made by the debtor, Green Valley Growers, Inc. ("GVG").  The

defendant, Gina Duncan, worked for codefendant Houston Plants & Garden World, Inc. ("HPGW").

Before filing for bankruptcy, GVG made two payments towards Duncan's health savings account

and insurance policy.  GVG also made payments to another defendant, Blooms & More Nursery and

Lawn Decor, Inc., a company Duncan owned.  Williams seeks to avoid these transfers under 11

U.S.C. §§ 547 and 548 and the Texas Uniform Fraudulent Transfers Act ("TUFTA").  Duncan

moved for summary judgment on the grounds that these transfers were not made to her and that

HPGW had already repaid GVG for the two transfers toward Duncan's health savings account and

insurance policy.  (Docket Entry No. 71).  After careful consideration of the record, the motions and

responses, and the applicable law, Duncan's motion for summary judgment is denied.  The reasons

are explained below.

## I.      Factual Background

This bankruptcy proceeding against GVG began on March 9, 2009.  GVG made two transfers to HPGW on Duncan's behalf.  The first, for $5,800, was made on April 9, 2008.  (Docket Entry No. 71 at 1).  The invoice stated that it was for a "2008 Contribution for Regina Duncan and family." (*Id.*, Ex. A at 3).  The second transfer, for $2,975, was made on January 9, 2009.  The invoice stated that it was for a "2009 HSA Reimbursement (Jeremy Duncan and family)."  (*Id.*, Ex. A at 4). HPGW sent checks to GVG in the amounts invoiced and transferred.  The checks referred to the invoices.  (*Id.*, Ex. A at 12, 14).

GVG also made $135,417 in transfers to Blooms & More.  (Docket Entry No. 17 ¶ 252). Duncan, who owned Blooms & More, argues that these are not avoidable transfers to her.  (Docket Entry No. 71 at 2–3).  Duncan also argues that she should not be held liable on a veil-piercing theory for debts owed by Blooms & More.  (*Id.* at 3).

Williams responded to the motion, arguing that Duncan failed to address the elements of the claims against her.  (Docket Entry No. 132 at 2–3).

## II.      The Legal Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." FED. R. CIV. PROC. 56(a).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . ."  FED. R. CIV. PROC. 56(c)(1)(A).  "[T]he plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex*, 477 U.S. at 323). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine dispute of material fact, it does not need to negate the elements of the nonmovant's case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

"A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Duffie*, 600 F.3d at 371 (internal quotation marks omitted).

"When the moving party has met its Rule 56[] burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Id.* The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Id.* (internal quotation marks omitted). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party." *Duffie*, 600 F.3d at 371.

### III.     The Legal Standard under 11 U.S.C. §§ 547 and 548 and TUFTA

Williams seeks to avoid and recover the transfers under Bankruptcy Code §§ 547 and 548 and TUFTA.  Section 550 provides the remedy for claims under §§ 547 and 548.  *See In re IFS Fin. Corp.*, 669 F.3d 255, 261 (5th Cir. 2012).  If a transfer is avoided under the Bankruptcy Code, the trustee may recover the property or its equivalent value from: "(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee."  11 U.S.C. § 550(a).  Both the Code and TUFTA call for "a two-step process: first, a finding that a debtor committed an actual, or a constructive fraudulent transfer, and, second, recovery of that fraudulent transfer, or its value, from the transferee." *Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 436 (5th Cir. 2013) (internal citations omitted).

Section 547(b) provides that the trustee may avoid a transfer of an interest of the debtor in property:

(1)  to or for the benefit of a creditor;

(2)  for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3)  made while the debtor was insolvent;

(4)  made—

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such                     transfer was an insider; and

(5)  that enables such creditor to receive more than such creditor
       would receive if—

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent
       provided by the provisions of this title.

11 U.S.C. § 547(b).  "The Trustee has the burden of persuasion at trial with respect to each of the elements of a preference claim under § 547(b)." *In re Quality Infusion Care, Inc.*, No. 10-36675, 2013 WL 6189948, at *4 (Bankr. S.D. Tex. Nov. 25, 2013) (citation omitted).

Section 547(c)(1) provides an affirmative defense to a preferential transfer action based on a contemporaneous exchange for new value.  "The trustee may not avoid under this section a transfer to the extent that such transfer was—(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and (B) in fact a substantially contemporaneous exchange[.]"  11 U.S.C. § 547(c)(1).  This defense requires a showing of "intent, contemporaneousness and new value."  *In re Southmark Corp.*, 239 F.3d 365 (5th Cir. 2000) (unpublished) (internal quotations omitted).

"'[N]ew value' means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation[.]"  11 U.S.C. § 547(a)(2).  A trustee may not recover a transfer under § 547(c)(4) made "to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor–(A) not secured by an otherwise unavoidable security interest; and (B) on account of

5

which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of

such creditor[.]"  11 U.S.C. § 547(a)(4).

A trustee may recover a transfer under § 548:

> if the debtor voluntarily or involuntarily–(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or (B)(I) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548.

TUFTA defines a fraudulent transfer as one made:

> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

TEX. BUS. & COM. CODE § 24.005.

**IV.    Analysis**

Duncan argues that "no specific transfers by the Debtor Green Valley Growers, Inc. to Duncan are described in the body of the Complaint."  (Docket Entry 71 at 2).  She attaches an

affidavit by Chenelle Hagerman, the bookkeeper for HPGW during the relevant time, stating that "[d]uring 2008 and 2009, Green Valley Growers, Inc. paid funds to fund the Medical Savings Account of Regina Duncan . . . [t]he entries in the Green Valley Growers, Inc. ledger relating to Regina Duncan reflect the deposits made to Regina Duncan's account." (Docket Entry No. 71 at 7). Duncan does not dispute that she was the transferee of the funds.

Hagerman's affidavit states that GVG invoiced HPGW for the transfers and that HPGW paid those invoices. Duncan argues that "the Debtor was repaid for the transfer. Therefore there are no avoidable transfers to Regina Duncan." (*Id.* at 2). Duncan cites no authority for her argument. (*See id.*). Duncan's argument amounts to an affirmative defense; the burden is hers. Section 547(c)(1) requires Duncan to show that GVG and HPGW intended the transfer and the reimbursement to be a contemporaneous exchange for new value. *See* 11 U.S.C. § 547(c)(1). The affidavit Duncan attaches to her motion shows only HPGW's side of the transactions. The testimony of HPGW's bookkeeper provides no insight into whether GVG intended the transfer to Duncan and subsequent reimbursement from HPGW to be a contemporaneous exchange for new value. On this record, Duncan is not entitled to summary judgment based on a § 547(c)(1) defense.

A § 547(c)(4) defense may be asserted by a creditor who gave the new value to the debtor. *See* 11 U.S.C. § 547(c)(4) (protecting preferences "to or for the benefit of *a creditor*, to the extent that, after such transfer, *such creditor* gave new value to or for the benefit of the debtor") (emphasis added). Duncan did not reimburse GVG; HPGW did. On this record, Duncan is not entitled to summary judgment based on a §547(c)(4) defense.

Duncan has not shown that she is entitled to judgment as a matter of law on Williams's § 547 preference claim against her. Her motion for summary judgment on that claim is denied.

Duncan's argument that she is relieved of liability because HPGW reimbursed the debtor for the transfers similarly fails under § 548. Her argument addresses only one of the elements of the Williams's claim: whether GVG received reasonably equivalent value for the transfer. 11 U.S.C. §548(a)(1)(B)(I). Duncan fails to address all the elements of the claim. Section 548 permits recovery *even if* reasonably equivalent value was received, if the trustee can show that the transfer was made "with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted[.]" *See* 11 U.S.C. § 548(a)(1)(A). Duncan does not address this basis for the trustee to recover on the § 548 claim.

Duncan's arguments fail under TUFTA for the same reasons. TUFTA is framed in the disjunctive. Williams can recover against Duncan *even if* GVG received reasonably equivalent value in exchange for the transfer if the transfer was made "with actual intent to hinder, delay, or defraud any creditor of the debtor." *See* Tex. Bus. & Com. Code § 24.005. Duncan's motion for summary judgment as to the trustee's TUFTA claim is denied.

Duncan also argues that although she owns codefendant Blooms & More, Williams did not assert "any theories of liability under which Duncan or any other individual could be held liable to the Debtor for any transfers made by the Debtor to [Blooms & More]." (Docket Entry No. 71 at 3). Williams responds that "Duncan provides no summary judgment as to any transfer from GVG to or on behalf of Blooms and More." (Docket Entry No. 132 at 2). The arguments are out of sync: Duncan moves for a finding that she should not be held liable for the debts of the corporation that she owns, and Williams argues that Duncan failed to show that the corporation has no relevant debts.

8

Duncan has not provided the court with facts or authority to support her argument.  (*See* Docket Entry No. 71 at 3).  Duncan's motion for summary judgment that she not be held liable for the transfers to Blooms & More is denied on the present record.

Duncan's motion for summary judgment is denied.  A status conference is set for **April 16, 2014** at 3:00 p.m. in Courtroom 11-B, United States Courthouse, 515 Rusk, Houston, Texas.

SIGNED on March 28, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

9